### HOUSTON FIRE AND CASUALTY INSURANCE COMPANY, a corporation, Plaintiff,

### v.

### Reba IVENS, as Administratrix of the Estate of Harold Ivens, Deceased, et al., Defendants.

### Civ. No. 4943–J.

United States District Court
M. D. Florida,
Jacksonville Division.
June 27, 1963.

Marks, Gray, Yates, Conroy & Gibbs, Jacksonville, Fla., Gambrell, Harlan, Russell, Moye & Richardson, Atlanta, Ga., for plaintiff Houston Fire & Casualty Ins. Co.

Boyd, Jenerette & Leemis, Jacksonville, Fla., for defendant Reba Ivens, as administratrix of estate of Harold Ivens, deceased.

Mathews, Osborne & Ehrlich, Jacksonville, Fla., Nichols, Gaither, Beckham, Colson & Spence, Miami, Fla., for defendants, Klenna Ann Fletcher, as administratrix of estate of John Z. N. Fletcher, Deceased, and Robert C. Gobelman, as Administrator of estate of Earl Douglas Taylor.

George A. Pierce, Jacksonville, Fla., for defendant, N. M. Ulsch & Son, Inc.

Barnes & Slater, Jacksonville, Fla., for Tucker Fletcher, as administrator of estate of Clifford W. Bryant, deceased.

SIMPSON, Chief Judge.

Counsel for the affected parties having been heard after due notice upon the motions for summary judgment of the several defendants, on May 23, 1963, and the Court having thereafter received and considered the briefs of the respective parties, the Court finds from the pleadings, depositions, admissions and affidavits on file that there is no genuine issue as to any material fact and that the several defendants are entitled to judgment as a matter of law.

The plaintiff seeks a declaratory decree holding that its policy of insurance did not cover the claims arising from the accident of February 24, 1961 because of the exclusion of "any operation for which a charge is made" contained in Item 5 of the Declarations of said policy. It is conceded by the plaintiff that the sole proof to be offered to show that the fatal flight was one for which a charge was made would be the testimony of Mr. N. M. Ulsch, Sr. The deposition of Mr. Ulsch, taken December 6, 1962, is before the Court.

I reach two conclusions; one, that the testimony of Mr. Ulsch may not be received by reason of the bar of the Florida statute, F.S.A. § 90.05 (The Dead Man's Statute); and further, that if the testimony of Mr. Ulsch was received, it, together with all inferences favorable to the plaintiff therefrom, would fail to establish that a charge was made for the flight in question. Either conclusion presents an insurmountable bar to the establishment of the plaintiff's claim.

In consideration of the foregoing, it is ordered:

1. The motions for summary judgment of the defendants: Reba Ivens, as Administratrix of the Estate of Harold Ivens, deceased (filed March 19, 1963), Klenna Ann Fletcher, as Administratrix of the Estate of John Z. N. Fletcher, deceased (filed May 3, 1963), and N. M. Ulsch & Son, Inc. (filed May 6, 1963), are

each granted, and summary judgment is entered herewith as to each of said defendants.

2.  The plaintiff's complaint, and this action, are dismissed with prejudice.

3.  The several defendants are awarded judgment against the plaintiff, Houston Fire and Casualty Insurance Company, a corporation, for their taxable costs, if any, incurred herein.

4.  One or more of the defendants, by their answers, assert the right to recover reasonable attorneys' fees herein. This question is not reached nor disposed of by the present judgment. Such defendants are free to file appropriate motions for the allowance thereof and to notice hearing of such motions before the undersigned Judge.